The motion for a new trial filed in this case is as follows:
"Motion for New Trial. Now comes the above-named defendant by his attorneys, Brook Brook and Walter T. Fears, and moves this court to grant him a new trial in the above styled and numbered cause for the reasons: First, because the verdict is contrary to the law. Second, because the verdict is contrary to the evidence. Third, because the verdict is contrary to the law and evidence. That the court erred in permitting the introduction of the clothes alleged to have been worn by the deceased at the time of the killing, as evidence for the reason that it was not shown in evidence that the clothes after the killing were turned over to the court or marshal, or any other proper custodian, but it was shown by the evidence that the clothes produced in court and offered in evidence were produced by a party different from the party who had had the custody of the clothing up to the time of *Page 46 
trial, and who had not had charge of the clothing until he produced them into court, to which evidence the defendant at the time excepted and still excepts. Brook Brook and Walter T. Fears, Attorneys for Defendant."
First. What purports to be the record in this case does not contain the instructions given to the jury by the trial court. The evidence in the record shows an unlawful homicide, as charged in the indictment. We cannot therefore consider the assignment of error that the verdict is contrary to the law.
Second. The witnesses were before the jury, and they were in a much better position to determine what weight should be given to their evidence than is this court. It is true that there was a conflict in the evidence, but it is the province of the jury to settle such matters. There is ample evidence in the record to sustain the verdict of the jury.
Third. The third ground relied upon to secure a reversal of this case relates to the introduction in evidence of the clothing worn by the deceased at the time of the homicide, showing the bullet holes made by the shots which killed the deceased. It is not contended that such clothing is not admissible in evidence in a proper case, but the objection is made that the clothes, after the killing, were not turned over to the court or marshal and that the witness who identified the clothes was not the person in whose custody they had been since the killing. If there is any rule of law that the clothes of a person killed should be turned over to the court, or any officer or custodian, we are not aware of its existence. In this case the witness who identified the clothes testified that, while they had not been in his custody, they had been in the custody of his mother, and that they were in the same condition that they were in when they were taken from the body of the deceased by the witness and others. There was no pretense that the clothes had been tampered with or altered since they were taken from the body of the deceased.
In Head v. State, 40 Tex.Crim. 265, 50 S.W. 352, it was held that on a trial for murder it is competent for the state to *Page 47 
introduce in evidence the hat worn by the deceased at the time of the killing, when it is shown to be the identical hat, and practically in the same condition that it was at the time of the homicide, notwithstanding its custody and care during the interim had not been accounted for. In Com. v. Tucker, 189 Mass. 457,76 N.E. 127, 7 L.R.A. (N.S.) 1056, it was held that the question whether an article of clothing of the deceased, offered in evidence in a prosecution for homicide, is in the same condition as at the time of the homicide, is, in the first instance, one for the determination of the trial court.
We therefore hold that the court did not err in permitting the clothes of the deceased to be introduced upon the testimony of the witness who assisted in taking them from the body of the deceased, and who identified them at the trial, and testified that they were in the same condition that they were in when taken from the body of the deceased.
Fourth. The other questions discussed in the brief of counsel for defendant were not even referred to in the motion for a new trial, and no exceptions to the matters complained of were saved upon the trial, and, not being fundamental, this court cannot consider them.
We find that the verdict is supported by the evidence, and that the defendant has had a fair trial, and the judgment of the lower court is therefore, in all things, affirmed.
BAKER and DOYLE, JUDGES, concur.